

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO: 07-60037 (08) |
| VERSUS | JUDGE DONALD E. WALTER |
| CHRISTOPHER AUCOIN | MAGISTRATE JUDGE HILL |

## MEMORANDUM ORDER

Before the Court is a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence filed by the Defendant, Christopher Aucoin ("Aucoin"). [Doc. #484]. The Government opposes the motion. [Doc.#499]. For the reasons contained herein, Aucoin's motion is hereby **DENIED.**

## BACKGROUND FACTS

Aucoin was charged and convicted of one count of conspiracy to possess with the intent to distribute methamphetamine in violation of 21 U.S.C. § 846. [Doc. #3]. After a jury trial, he was sentenced to 121 months imprisonment. [Doc. #340]. The Fifth Circuit Court of Appeals affirmed Aucoin's conviction and sentence, and the United States Supreme Court denied Aucoin's writ of certiorari. [Docs. #447, 455].

Aucoin's conviction stems from a multi-defendant indictment regarding a methamphetamine drug conspiracy operating from areas surrounding New Iberia, Louisiana to Los Angeles, California. Arthur Basaldua ("Basaldua") and Bounthong Xaphilom operated as the directors of conspiracy, but they received assistance from other individuals including co-defendants Israel Perez ("Perez"), Duc Huu Pham, Eng Champkungsing, Phanut Phonchinda, Travis Joseph, Misay Chandakham, and Aucoin.

Aucoin became acquainted with Basaldua while the two were in jail. Once Basaldua established his drug operation on Henry Street in New Iberia, Louisiana, Aucoin became a customer. Aucoin purchased an eight ball of meth per month from Basaldua, using some himself and selling the balance to support his habit. As the drug conspiracy progressed, Basaldua became increasingly fearful that the FBI was monitoring his activities. Basaldua hired Aucoin to install security cameras at his residence which he "paid for" in meth.

On February 27, 2007, Basaldua and Perez were arrested after a high-speed chase from police in Youngsville, Louisiana. The officers recovered a bag thrown from the car during the chase, which contained 121 grams of meth, a digital scale, and a handgun. After his arrest Basaldua contacted his co-conspirators, including Aucoin, from jail and urged them to raise money for his bond. Basaldua managed to bond out of jail, but while free he shot his two bail bondsmen near Loreauville, Louisiana. A massive manhunt was undertaken by law enforcement to find Basaldua.

On March 19, 2007, hoping that Aucoin would assist in finding Basaldua, FBI task force agents went to visit Aucoin while he was at his father's house. Upon arrival the agents found Aucoin, his father, and third individual standing outside of the residence in the front yard. The agents exited their vehicles with guns drawn because they were unsure of whether Basaldua was inside the residence. The agents then set up a safety perimeter and searched the house with permission. While the search was going on FBI Special Agents Douglas Carr ("Agent Carr") approached Aucoin to talk privately. At no time on March 19 Agent did Carr or any other officer advise Aucoin of his *Miranda* rights. Agent Carr told Aucoin that the task force was aware of his association with Basaldua, that they were aware of his prior record, and that Aucoin was a target of the investigation. Aucoin told Agent Carr that he had talked to Basaldua that evening, but did not know where to find him. Before

leaving Aucoin's father's house Agent Carr told Aucoin that he would like to interview him further. The task force agents testified that they were on the premises for approximately twenty minutes. Aucoin argues that the agents were at the residence for over two hours.

It is undisputed that the task force agents accidentally left the residence with Aucoin's drivers's license, which was returned to Aucoin the next day. Aucoin alleges that the officer who returned his license told him that unless he cooperated with law enforcement he would go to jail for a long time.

Thereafter, Agent Carr and Aucoin spoke on the telephone and Agent Carr requested a meeting so that he could talk further with Aucoin. Agent Carr suggested that Aucoin meet him at the FBI office, but Aucoin requested that the meeting take place at the office of a lawyer who represented him in an unrelated civil matter. On March 21, 2007, Agent Carr went to Aucoin's lawyer's office with four plain clothes officers. The lawyer asked Agent Carr if Aucoin was a suspect in the investigation. When Agent Carr responded in the affirmative the lawyer advised Aucoin that he would be better served by a criminal lawyer. Nevertheless, Aucoin agreed to speak to Agent Carr and another task force agent of Aucoin's choice. The lawyer was not present during the interview.

The interview occurred outside of the lawyer's office so that Aucoin could smoke. It is undisputed that Aucoin was never given a *Miranda* warning. Aucoin was cooperative during the interview and confessed to his involvement in the conspiracy. Agent Carr later testified that Aucoin was free to leave at any time and that a *Miranda* warning was not given because the interview was non-custodial.

Aucoin's trial attorney filed a motion to suppress the statements made by Aucoin during the

second meeting at the lawyer's office. An evidentiary hearing on the motion to suppress was held before the Magistrate Judge. The Magistrate Judge issued a Report and Recommendation to deny the motion to suppress, finding that a *Miranda* warning was not required because there was no custodial interrogation in this instance. The Magistrate Judge also found that the record was absolutely devoid of any evidence that would show that the statements given by Aucoin at his lawyer's office were involuntary. This Court adopted the Magistrate Judge's Report and Recommendation to deny Aucoin's motion to suppress without objection from Aucoin's trial counsel. [Docs. #172, 184].

## LAW AND ANALYSIS

Aucoin alleges that his 2255 petition should be granted because his trial counsel was ineffective. To prevail on a claim of ineffective assistance of counsel the defendant must demonstrate that (1) his attorney's performance falls below an objective standard of reasonableness, and (2) that his attorney's ineffective performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668 (1984); *Bryant v. Scott*, 28 F.3d 1411, 1414-1415 (5th Cir. 1994). Under the first prong of the *Strickland* analysis a court should presume that the attorney's actions are encompassed within the wide range of reasonable competence, and fall under the ambit of trial strategy. *Strickland*, 466 U.S. at 687. The defendant may overcome this presumption by showing that under the "totality of the circumstances" the attorney's performance was "outside the wide range of professionally competent assistance". *Id.* at 690. The second prong of the *Strickland* test requires that the defendant show "that there is a reasonable probability that, but for counsel's specified errors, the result of the proceeding would have been different." *Murray v. Maggio*, 736 F.2d 279, 282 (5th Cir. 1984). "A reasonable probability is a probability sufficient to undermine confidence in the

outcome." *Strickland*, 466 U.S. at 694.

If the defendant fails to establish either prong of the *Strickland* test his claim for ineffective counsel must fail. *See Tucker v. Johnson*, 115 F.3d 276, 280 (5th Cir. 1997); *Bryant*, 28 F.3d at 1415. The prongs of the test need not be analyzed in any particular order. *Goodwin v. Johnson*, 132 F.3d 162, 172 n.6 (5th Cir. 1998); *Murray*, 736 F.2d at 282.

A.  **Aucoin's claims based on the events of March 19, 2007**

Aucoin's habeas petition raises numerous arguments related to the events of March 19, 2007. However, some of Aucoin's arguments are procedurally barred because they were not raised on direct appeal.

A motion to vacate pursuant to 28 U.S.C. § 2255 provides a convicted individual with limited relief. A defendant is limited to raising constitutional and/or jurisdictional claims, and in rare circumstances, non-constitutional and non-jurisdictional errors not raised on appeal, which could result in a complete miscarriage of justice. *United States v. Cervantes*, 132 F.3d 1106, 1109 (5th Cir. 1998). Collateral review is fundamentally different from and may not replace a direct appeal. *United States v. Shaid*, 937 F.2d 228, 231 (5th Cir. 1991) (en banc). A defendant may not raise an issue for the first time on collateral review without showing "both 'cause' for his procedural default, and 'actual prejudice' resulting from the error." *Id.* at 232. Even if the defendant cannot establish "cause" and "actual prejudice," he may still be entitled to relief if there is a constitutional error which would result in a complete miscarriage of justice. *Id.*

A defendant who fails to raise an available issue on direct appeal is procedurally barred from raising the claim in a 2255 motion absent a showing of cause and prejudice or a fundamental miscarriage of justice. *Mills v. United States*, 36 F.3d 1052, 1055 (11th Cir. 1994). Ineffective

assistance of counsel, if shown, would be sufficient to establish the cause and prejudice necessary to overcome procedural default. *United States v. Walker*, 68 F.3d 931, 934 (5th Cir. 1995).

Aucoin's claims concerning the events of March 19, 2007 (the night law enforcement came to his father's house looking for Basaldua) are procedurally barred. The Fifth Circuit's opinion of Aucoin's direct appeal reflects that his appeal only addressed the meeting with law enforcement at his attorney's office on March 21, 2007, when Aucoin actually made self-incriminating statements to the officers. Aucoin has not presented any reason as to why his claims regarding the events of March 19 were not raised on direct appeal. Thus, those assertions are procedurally barred.

However, even if the court were to consider the merits of Aucoin's claims they would still fail. The record indicates that Aucoin made incriminating statements to task force agents two days after the events of March 19, 2007. This two day break between the encounter where Aucoin alleges guns were drawn on him at his father's home and the meeting at his lawyer's office is a sufficient break in the chain of events to demonstrate that the second conversation was a product of free will, and not derived from a violation of the Fourth Amendment. *United States v. Rivas*, 157 F.3d 364, 368 (5th Cir. 1998).

Moreover, Aucoin cannot overcome the procedural bar by demonstrating that he received ineffective assistance of counsel regarding the March 19, 2007 encounter.[1] The record reflects that Aucoin's trial counsel properly filed a motion to suppress Aucoin's incriminating statements before the beginning of the trial. The Report and Recommendation of the Magistrate Judge indicates that there was some argument by Aucoin's trial counsel that the March 19 encounter somehow coerced

---

[1] The court will address Aucoin's additional arguments regarding his trial counsel's failure to call certain witnesses during the suppression hearing and failure to file objections to the Report and Recommendation in the following section.

Aucoin into giving a statement on March 21, which was rejected by the court. Aucoin cannot demonstrate that ineffective assistance of counsel on this point resulted in actual prejudice because, as discussed *infra*, his incriminating statements were properly admissible because they were given in a non-custodial, non-coercive setting.

**B.      Aucoin's Ineffective Assistance of Counsel claims based upon the suppression hearing and his trial counsel's failure to file an objection to the Report and Recommendation.**

Aucoin also argues that his 2255 petition should be granted because he received ineffective assistance of counsel. Aucoin's ineffective assistance of counsel claims may properly be considered under 2255. Aucoin alleges that his counsel was ineffective in the following ways: (1) waiting 14 months after his arrest to file a motion to suppress, (2) the manner in which his trial counsel handled the suppression hearing, and (3) the failure of his trial counsel to file an objection to the Magistrate Judge's Report and Recommendation.

Aucoin's claim that his trial counsel was ineffective for waiting fourteen months to file a motion to suppress is denied. The docket clearly indicates that Aucoin's trial counsel timely filed the motion to suppress. In light of the complex nature of this multi-defendant case the court cannot find fault in trial counsel's delay in filing the motion to suppress. The motion was filed before the expiration of any of the court's deadlines. Thus, Aucoin was not prejudiced in any manner by the delay.

Aucoin also claims that his trial counsel was ineffective for failing to call his father as a witness during the suppression hearing. Aucoin alleges that his counsel was precluded from calling his father as a witness because he failed to properly submit a witness list to the Magistrate Judge. The court notes that the docket does not reflect that the Magistrate Judge requested that a witness

7

list be filed prior to the proceedings. Moreover, the transcript of the proceeding clearly indicates that the Magistrate Judge asked trial counsel whether he wished to call any additional witnesses other than Aucoin, but trial counsel declined to do so. Thus, trial counsel was given the opportunity to call Aucoin's father, but chose not to do so.

The court cannot conclude that trial counsel's decision not to call Aucoin's father to discuss the events of March 19 amounted to ineffective assistance of counsel. Decisions by attorneys concerning witness presentation are considered to be strictly strategic and should not be second-guessed. *Alexander v. McCotter*, 775 F.2d 595, 602 (5th Cir. 1985). Claims premised on a counsel's failure to call a witness must be rejected unless the petitioner demonstrates prejudice therefrom. *Id.* To prevail the petitioner must name the witness, demonstrate the witness was available to testify and he would have done so, set forth the content of the witness's proposed testimony, and show that the testimony would have been favorable to a particular defense. *Id.* The petitioner must also ultimately show prejudice, i.e., that the uncalled witness would have made a difference in the outcome of the proceeding. *Id.*

Aucoin's claim based on his counsel's failure to call his father as a witness must fail because Aucoin cannot demonstrate that his testimony would have made a difference in the outcome of the proceeding. The events of March 19 (about which Aucoin states his father would testify) were not relevant in determining whether the incriminating statements made by Aucoin two days later should be suppressed. Moreover, the testimony would not have altered the outcome of the proceeding because this court has determined that Aucoin's incriminating statements were not made during a custodial interrogation, and therefore, the motion to suppress was properly denied.

Finally, the court turns to Aucoin's claim that his trial counsel was ineffective for failing to

8

file an objection to the Magistrate Judge's Report and Recommendation to deny the motion to suppress. Aucoin is correct that this court adopted the Report and Recommendation without objection, such that review of the issue by the Fifth Circuit Court of Appeals was only for plain error. However, even if the court assumes for the purpose of this motion that under the totality of the circumstances his attorney's performance was outside the wide range of professionally competent assistance, Aucoin's claim for ineffective assistance of counsel must be denied because he cannot show that he was prejudiced by his trial attorney's actions.

It is clear from the transcript of the suppression hearing that the Magistrate Judge correctly concluded that Aucoin was not "in custody" when he made self incriminating statements on the afternoon of March 21. Further, even if this court had engaged in a de novo review of the Magistrate's factual findings and legal conclusions it would have adopted the Report and Recommendation and denied the motion to suppress.

*Miranda* warnings must be administered prior to custodial interrogation. *Miranda v. Arizona*, 384 U.S. 436, 479 (1966). A suspect is "in custody" for *Miranda* purposes when placed under arrest or when "a reasonable person in the suspect's position would have understood the situation to constitute a restraint on freedom of movement to the degree which the law associates with a formal arrest." *United States v. Stevens*, 487 F.3d 232, 241 (5th Cir. 2007) (quoting *United States v. Bengivenga*, 845 F.2d 593, 596 (5th Cir. 1988) (en banc)). While it is true that "a statement by a law enforcement officer that an individual is suspected of illegal activity is persuasive evidence" that a suspect is in custody, the inquiry does not end there. *United States v. Gonzales*, 79 F.3d 413, 420 (5th Cir. 1996). "A determination of whether a defendant is 'in custody' for *Miranda* purposes depends on the totality of the circumstances." *United States v. Cavazos*, 668 F.3d 190, 193 (5th Cir.

2012).

The totality of the circumstances surrounding the March 21 meeting demonstrate that Aucoin was not in custody when he made incriminating statements to law enforcement. The record reflects that Aucoin decided when and where to meet with law enforcement; at the office of the attorney representing him in an unrelated civil matter. The record also reflects that Aucoin made a voluntary decision to meet with law enforcement even after his civil attorney advised him to find and consult with a criminal lawyer. Finally, the record reflects that law enforcement exhibited no signs of force on March 21. They were dressed in plain clothes and did not detain Aucoin, even after he made incriminating statements. Accordingly, because Aucoin's statements were admissible any error on the part of his trial attorney in failing to file an objection to the Report and Recommendation did not prejudice Aucoin's defense. Aucoin's ineffective assistance of counsel claim must be denied.

## CONCLUSION

For the reasons stated herein, Aucoin's motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255 [Doc. #484] is **DENIED**.

**THUS DONE AND SIGNED**, this _11_ day of August, 2014.

DONALD E. WALTER
UNITED STATES DISTRICT JUDGE